UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:14-cv-21501-KMM

GEORGES WILLIAM,

    Plaintiff,

vs.

GREEN TREE SERVICING, LLC and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION a/k/a FANNIE MAE,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants GREEN TREE SERVICING, LLC ("Green Tree") and FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE ("Fannie Mae") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff GEORGES WILLIAM ("Plaintiff" or "William") and interposes their Affirmative Defenses as follows:

### The Parties

1.    The allegation contained in Paragraph 1 of the Complaint that Plaintiff "is a 'consumer', as defined by 15 U.S.C. § 1692a(3)" is a conclusion of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegation. Defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint and therefore deny them.

2.    Defendant Green Tree admits that it is a Delaware limited liability company with its principal place of business located in St. Paul, Minnesota. Defendant Green Tree further

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

admits that it has a registered agent located in the State of Florida. The remaining allegation contained in Paragraph 2 of the Complaint that Green Tree "is a 'Debt Collector'" is a conclusion of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegation.

3. Defendant Fannnie Mae admits that it is a foreign corporation with its principal place of business located at 3900 Wisconsin Avenue, NW, Washington, DC 20016. Defendant Fannie Mae further admits that it is the owner and holder of the mortgage at issue in this lawsuit, and that it has retained Green Tree to be the servicer for the mortgage loan at issue. The remaining allegations contained in Paragraph 3 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such remaining allegations.

### Jurisdiction and Venue

4. The allegations contained in Paragraph 4 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

5. The allegations contained in Paragraph 5 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

### Statutory Structure
### Fair Debt Collection Practices Act (FDCPA)

6. The allegations contained in Paragraph 6 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

7. The allegations contained in Paragraph 7 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

8. The allegations contained in Paragraph 8 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

9. The allegations contained in Paragraph 9 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

10. The allegations contained in Paragraph 10 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

11. The allegations contained in Paragraph 11 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

12. The allegations contained in Paragraph 12 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

13. The allegations contained in Paragraph 13 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

14. The allegations contained in Paragraph 14 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

15. The allegations contained in Paragraph 15 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

16. The allegations contained in Paragraph 16 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

17. The allegations contained in Paragraph 17 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

18. The allegations contained in Paragraph 18 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

### Factual Allegations

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit that, on or about July 25, 2011, Coastal States Mortgage Corp., as then servicer for Fannie Mae, filed a mortgage foreclosure lawsuit against Plaintiff in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, under Case No. 2011-23083-CA (2) (the "Foreclosure Action"). Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants denies the allegations contained in Paragraph 21 of the Complaint.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint, though they deny that the full amount due and owing from Plaintiff in the Foreclosure Action was $248,639.38. Rather, this final judgment amount inadvertently failed to include approximately $19,000.00 in advances / expenses that Defendants incurred for taxes, insurance, attorney's fees and other litigation costs, which amounts are due and owing to Defendants under the Note and Mortgage. In this regard, Defendant Green Tree filed a timely motion to amend the final judgment to add the approximate $19,000.00 in advances / expenses to the judgment amount on August 14, 2013.

23. Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore deny them.

24. Defendants admit that, on or about August 12, 2013, Plaintiff's counsel sent a letter via FedEx to Green Tree which enclosed certain checks, including one for $248,639.38; and (ii) $348.10. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that, on or about August 13, 2013, Green Tree cashed two checks received from Plaintiff's counsel in the following amounts: (i) $248,639.38; and (ii) $100.00. Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint, and specifically deny that Plaintiff has satisfied the full amount due and owing to Defendants under the parties' Note and Mortgage. Plaintiff has never reimbursed Defendants for the approximate $19,000.00 in advances / expenses that Defendants incurred for taxes, insurance, attorney's fees and other litigation costs, which amounts are due and owing to Defendants under the Note and Mortgage.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

27. Defendants admit that, on or about January 14, 2014, Plaintiff's counsel sent Green Tree's counsel representing it in the Foreclosure Action the letter attached as Exhibit 5 to the Complaint. Defendants further state that this letter, attached as Exhibit 5 to the Complaint, speaks for itself.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that, on or about April 11, 2014, Green Tree mailed a monthly billing statement to Plaintiff's counsel, a copy of which is attached as Exhibit G to the Complaint. Defendants further state that this monthly billing statement, attached as Exhibit 6 to the Complaint, speaks for itself. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit that Fannie Mae is the current owner and holder of the mortgage at issue in this action. Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

## Cause of Action No. 1
## Claim against Green Tree Under the FCRA

32. Defendants reallege and reaver herein paragraphs 1 through 31 above.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

## Cause of Action No. 2
## Claim against Green Tree Under the FDCPA

36. Defendants reallege and reaver herein paragraphs 1 through 31 above.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

## Cause of Action No. 3
## Claim against Green Tree Under the FCCPA

45. Defendants reallege and reaver herein paragraphs 1 through 31 above.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. The allegations contained in Paragraph 48 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants are without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 50 of the Complaint and therefore deny them.

## Cause of Action No. 4
## Claim for Quiet Title Against Fannie Mae

51. Defendants reallege and reaver herein paragraphs 1 through 31 above.

52. Defendants admit that this is an action to quiet title and confirm title clear of any encumbrance of Defendants in and to lands located in Miami-Dade County, Florida, but deny that Plaintiff is entitled to such relief.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

53. The allegations contained in Paragraph 53 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

54. The allegations contained in Paragraph 54 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations.

55. Defendants admit the allegations contained in Paragraph 55 of the Complaint, though they note that the name of the original mortgagee is Peninsula Mortgage Bankers Corporation, not Peninsula Mortgage Corporation.

56. Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit that, on or about July 21, 2011, Coastal States Mortgage Corporation filed a Notice of *Lis Pendens* in the Foreclosure Action with regard to the mortgaged property at issue. The remaining allegations contained in Paragraph 57 of the Complaint are conclusions of law to which Defendants are not required to provide an answer. To the extent that an answer is required, Defendants deny such allegations

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants admit that, on August 5, 2013, the Court in the Foreclosure Action entered a Consent Final Judgment of Foreclosure, a copy of which is attached as Exhibit 2 to the Complaint. Defendants further state that the Consent Final Judgment of Foreclosure, attached as Exhibit 2 to the Complaint, speaks for itself.

60. Defendants admit that, on or about August 12, 2013, Plaintiff's counsel sent a letter via FedEx to Green Tree which enclosed certain checks, including one for $248,639.38. Defendants deny the remaining allegations contained in Paragraph 60 of the Complaint.

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • **ph** 305.358.6300 • **fx** 305.381.9982 • **www.shutts.com**

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

61.     Defendants admit that, on or about August 13, 2013, Green Tree cashed two checks received from Plaintiff's counsel in the following amounts: (i) $248,639.38; and (ii) $100.00.  Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint, and specifically deny that Plaintiff has satisfied the full amount due and owing to Defendants under the parties' Note and Mortgage.  Plaintiff has never reimbursed Defendants for the approximate $19,000.00 in advances / expenses that Defendants incurred for taxes, insurance, attorney's fees and other litigation costs, which amounts are due and owing to Defendants under the Note and Mortgage.

62.     Defendants admit that, on or about January 14, 2014, Plaintiff's counsel sent Green Tree's counsel representing it in the Foreclosure Action the letter attached as Exhibit 5 to the Complaint.  Defendants further state that this letter, attached as Exhibit 5 to the Complaint, speaks for itself.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants admit that the mortgage at issue remains unsatisfied.  The remaining allegations contained in Paragraph 64 of the Complaint are conclusions of law to which Defendants are not required to provide an answer.  To the extent that an answer is required, Defendants deny such allegations.

65.     Defendant Fannie Mae admits that the Mortgage and Lis Pendens have not been cancelled.  Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint.

### Cause of Action No. 5
### Violation of Fla. Stat. § 701.04 Against Fannie Mae

66.     Defendants reallege and reaver herein paragraphs 1 through 31 above.

- 9 -

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

67.     Defendant Fannie Mae admit that, on or about January 14, 2014, Plaintiff's counsel sent Green Tree's counsel representing it in the Foreclosure Action the letter attached as Exhibit 5 to the Complaint. Defendants further state that this letter, attached as Exhibit 5 to the Complaint, speaks for itself.

68.     Defendants admit that, on or about January 14, 2014, Plaintiff's counsel sent Green Tree's counsel representing it in the Foreclosure Action the letter attached as Exhibit 5 to the Complaint. Defendants further state that this letter, attached as Exhibit 5 to the Complaint, speaks for itself. In addition, Defendants admit that the Mortgage and Lis Pendens have not been released, satisfied and/or cancelled. Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendants admit that the Mortgage has not been released, satisfied and/or cancelled. In addition, Defendants admit that, on or about April 11, 2014, Green Tree mailed a monthly billing statement to Plaintiff's counsel, a copy of which is attached as Exhibit 6 to the Complaint. Defendants further state that this monthly billing statement, attached as Exhibit 6 to the Complaint, speaks for itself. Defendants deny the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint, and specifically deny that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint is barred, in whole or in part, because Plaintiff has not paid off the mortgage loan at issue in full. Rather, Plaintiff has failed and refused to pay approximately $19,000.00 in advances for taxes, insurance, attorney's fees and other litigation

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI    FORT LAUDERDALE    WEST PALM BEACH    ORLANDO    TAMPA    TALLAHASSEE    AMSTERDAM

costs due and owing to Defendants from Plaintiff pursuant to the parties' Note and Mortgage at issue.

2. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff could not satisfy the August 5, 2013 judgment at issue at the time that he tendered the funds on August 6, 2013 and August 13, 2013. Rather, Fla. Stat. § 55.141 provides that a judgment may only be satisfied if the judgment for the payment of money has become final. In this case, the judgment at issue never became final because Green Tree filed a timely motion to amend the judgment on August 14, 2013 pursuant to Fla. R. Civ. P. 1.530(g). In the motion to amend, Green Tree moved to amend the judgment to add approximately $19,000.00 in advances for taxes, insurance, attorney's fees and litigation costs paid by the lender which were inadvertently not included in the judgment. Plaintiff has never reimbursed Defendants for these amounts, and thus has never satisfied the full amount due and owing to Defendants under the Note and Mortgage. In addition, Green Tree's motion to amend the judgment was never disposed of by the trial court in the underlying foreclosure action as no written order ruling on the motion to amend was ever entered.

3. Plaintiff's Complaint is barred, in whole or in part, by the FCRA insofar as the FCRA preempts / prohibits any claims under the FDCPA and/or the FCCPA which are based on allegations that Defendants purportedly furnished inaccurate information to the three credit reporting agencies.

4. Plaintiff's Complaint is barred, in whole or in part, because Defendants are not liable to Plaintiff for allegedly reporting inaccurate information to the three credit reporting agencies under the FCRA, the FDCPA and/or the FCCPA.

- 11 -

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

5. Plaintiff's Complaint is barred, in whole or in part, because any alleged violations of the FCRA, FDCPA and/or FCCPA were not intentional, but instead the result of a bona fide error on Defendants' part.

6. Plaintiff's Complaint is barred, in whole or in part, because the alleged consent final judgment was the result of a mutual mistake of the parties with regard to the amount of the debt due and owing to Defendants from Plaintiff.

7. Plaintiff's Complaint is barred, in whole or in part, because the alleged consent final judgment was the result of a unilateral mistake on the part of Defendants with regard to the amount of the debt due and owing to Defendants from Plaintiff.

8. Plaintiff's damages, in whole or in part, were caused not by the actions or omissions of Defendants, but instead by the actions or omissions of Plaintiff.

9. Plaintiff's damages, if any, are speculative.

10. Plaintiff failed to mitigate his damages.

**WHEREFORE,** Defendants Green Tree and Fannie Mae pray that Plaintiff takes nothing by way of his Complaint and that same be dismissed with prejudice, and that Defendants be granted such other and further relief as the Court deems just and proper in the premises, including but not limited to an award of Defendants' reasonable attorney's fees and costs incurred in defending this action pursuant to the parties' loan documents and/or statute.

Respectfully submitted,

By: ___*s/ John W. Bustard*___
John W. Bustard (0641871)
jbustard@shutts.com
David McCrea (239038)
dmccrea@shutts.com
SHUTTS & BOWEN LLP
*Attorneys for Defendants Green Tree and*

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • ph 305.358.6300 • fx 305.381.9982 • www.shutts.com

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM

*Fannie Mae*
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 415-9836

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 7, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

[VIA CM/ECF]:

James Jean-Francois, Esq.
Law Offices of James Jean-Francois, P.A.
6100 Hollywood Boulevard, Suite 211
Hollywood, FL 33024
jjonlaw@hotmail.com
jamesjeanfracoisesq@hotmail.com

*Attorneys for Plaintiff*

MIADOCS 9451269 3

- 13 -

1500 Miami Center • 201 South Biscayne Boulevard, Miami, Florida 33131 • **ph** 305.358.6300 • **fx** 305.381.9982 • **www.shutts.com**

MIAMI   FORT LAUDERDALE   WEST PALM BEACH   ORLANDO   TAMPA   TALLAHASSEE   AMSTERDAM